*Hunter, &c.*
*vs*
*Brown.*

---

## Hunter, &c. *vs* Brown.

Error to the Nelson Circuit.

*Partition. Conveyances. Practice.*

Chief Justice Marshall delivered the opinion of the Court.

Chancery.

*Case 76.*

June 22.

The power of a Court of equity to decree mutual conveyances, is a distinct and prominent ground of equity jurisdiction in case of partition. At law the proceeding stops with the ascertainment of the different shares, and

To decree conveyances is a prominent ground of equity jurisdiction in cases of partition, hence

HUNTER, &C.
*vs*
BROWN.

the holders of
the legal title
must be parties.

When upon decreeing partition the legal title cannot be at once made, the Chancellor may secure each in the enjoyment of his part until the conveyances can be made. (*Story's Eq, sc.* 652.)

placing the parties in posssession. In equity "it proceeds upon conveyances to be executed by the parties," and cannot be effectually had without them: (*Story's Equity, sec.* 652.; 2 *Sch. & Lef.* 371–2.) And as the Court does not decree conveyances from parties having equitable titles merely, it follows that where those immediately interested in the partition have equitable and not legal title, the holders of the legal title should be before the Court, so that by the conveyance from him, the object of the proceeding may be completely attained, and the litigation on the subject fully ended.

In a case where, owing to peculiar circumstances, the legal title could not be at once conveyed, the Court might doubtless, make partition, give possession, and secure the enjoyment accordingly, until effectual conveyances could be made: (*Story's Equity, sec.* 652.) But where there is no obstacle to decreeing the title at once, or where the obstacle is such that its removal may affect the partition itself, the general practice of the Court, and the principle and object of its jurisdiction, require such proceedings, that the whole matter should be settled and the partition effectuated by a conveyance of the title according to the equities of the parties. Otherwise, one or more new contests may spring up in the attempt to procure the legal title. In this case the holders of the legal title seem to have been made defendants and to have been served with process upon Brown's bill for partition, and might, upon proper preparation, have been decreed to convey, if they are bound to do so. But there is no decree for conveyance against them, and no guardian *ad litem* having been appointed for such of them as are infants, and no allegation being made that they had received the purchase money, the case does not appear to have been in a condition for such a decree. And yet there seems to have been a final decree confirming the reported partition and decreeing mutual releases between the parties to it, without ascertaining and concluding the rights of the title holders, who may still assert a claim by which the mutual equities of the parties and the justice of the partition may be affected.

This partial disposition of the subject being irregular and premature, may be justly complained of, and constitutes a ground of reversal, the effect of which will be to bring the partition itself again within the power of the Court, as an interlocutory proceeding. And as upon consideration of the interlocutory decree under which it was made, and the exceptions and evidence taken, we are inclined to the opinion that the commissioners may have confined their views to equality in quantity and quality of soil, without estimating the relative value of the several lots or portions, as affected by locality, convenience to public roads and other permanent advantages, and that under this limited view, injustice has probably been done, we think the partition as reported should be set aside, and commissioners directed to make partition with a view to equality of value as well as of quantity and quality, so that the relative vendible or market value of the lot assigned to each party, shall be proportioned as near as may be, to the extent of his interest.

Wherefore, the decree is reversed and the cause remanded for further proceedings and decree in conformity with this opinion.

*Grigsby* for plaintiffs; *B. Hardin* for defendant.

In making partition of land, regard should be had not only to quality of soil, and quantity of land, but also value as affected by locality, convenience to public roads and other permanent advantages.