MARTHA A. BURNS, GDN., ET AL. *v.* SUSAN F. INGERSOL, ET AL.

[Abstract Kentucky Law Reporter, Vol 6—737, 741, 742.]

**Sale of Minor's Interest in Real Estate.**

In an action for the sale of vested estate in real estate in possession, if jointly owned by two or more persons and one or more

of them is a minor, upon the sole ground that the real estate can not be divided without injury to the estate, and a witness testifies that the property is indivisible, such evidence is admissible and it is error to reject it. Where it is shown by the pleadings and exhibits that the real estate consists of a single lot 21 feet wide and 170 feet long on a street in a city, the court judicially knows that it cannot be divided without destroying its value.

## APPEAL FROM KENTON CIRCUIT COURT.

### April 23, 1885.

OPINION BY JUDGE HOLT:

In this case the statutory guardian of two infants, who were duly before the court as defendants, united in a petition with a joint owner to obtain a decree to sell a vacant lot of ground in the city of Covington.

The proper title paper was filed with the petition, which was verified by the statutory guardian. It alleges that the lot is indivisible and can not be divided without materially impairing its value, and the value of each interest in it.

A guardian ad litem was duly appointed for the infants. The answer filed by him did not deny the joint ownership or the allegation of the petition supra; and the pleadings and exhibit filed with it show that the lot was then in the possession of the said joint owners and that they were then the vested owners of it. The answer of the guardian ad litem, and the action of the lower court seems to have been based upon the idea that the action was a proceeding under Ch. 63, Art. 3, of the General Statutes and sec. 489 of the Civil Code, to sell the lot because it would redound to the interest of the infants to do so; and it is true that the petition alleges that the lot is producing no income, and that the interest of the infants requires its sale, but in our opinion it is to be regarded as an action brought under and to be governed by the 490th section of the Code, which authorizes the sale of a vested estate in real property in possession, if jointly owned by two or more persons, although one or more of them may be under age, upon the sole ground that it can not be divided without materially impairing its value. All that is required in such an action is shown in this instance by the petition and the exhibit filed with it, and no issue as to these necessary facts

was presented by the answer of the guardian ad litem. It can not be considered that the submission of the cause was premature immediately upon the filing of the answer of the guardian ad litem, because it presented no issue that was material in the case.

A deposition appears to have been taken by the plaintiffs and lodged with the papers, and not marked filed by the oversight of the clerk of the court. The judgment below shows that it was lodged with the papers when the court considered the case, because the chancellor refers to it in his opinion. There was a cross-examination of the witness by the guardian ad litem, and it was proven by the witness that the property was indivisible. We are of the opinion upon the hearing that this evidence should not have been rejected by the lower court, simply because of the non-filing of the deposition; but its production was in fact unnecessary because the petition and exhibit show that the lot fronts but 21 feet upon a city street and is 170 feet deep, and the court was bound to take notice of the evident fact that it could not be divided without destroying its value.

The petition and exhibit filed with it showed that the property was jointly owned and in possession; that it was a vested estate, and could not be divided without materially impairing its value. The law requires no more.

The judgment is reversed with directions to render a decree for its sale and for further proceedings in conformity to this opinion.

Judgment *reversed*.

*Collins & Fenley,* for appellant.

[Cited *Stone v. Burge,* 26 Ky. L. 1061, 83 S. W. 139.]