## Kirk v. Crutcher's Admr.

(Decided October 20, 1911.)

### Appeal from McCracken Circuit Court.

1. Land—Division.—The law favors a division of land rather than a sale for division, and a sale will not be ordered unless substantial injustice will be done by a partition.
2. Same—Partition.—Where the owners of one-fourth of a tract ask its partition, and to cut off to them one-fourth of the land will not substantially injure the owner of the remaining three-fourths, a partition will be ordered.
3. Joint Tenant—Improvements.—In making partition, a joint tenant who has erected improvements will be allowed that part of the land on which are his improvements when practicable.

OLIVER, OLIVER & WICKLIFF, MILLER & MILLER for appellant.

BERRY & GRASSHAM, CAMPBELL & CAMPBELL, W. A. BERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

J. B. Crutcher died in the year 1899, the owner of 245 acres of land lying in a rectangular shape 357 rods long and 116 rods wide on the south side of the Ohio river, the end of the rectangle being upon the river and the long sides of it running at right angles thereto. He owed at his death a debt secured by a mortgage on the land amounting to $900 or $1,000. He left two unmarried daughters, one of them being an infant about eighteen years of age. After his death W. P. Crutcher, his son, who was unmarried, qualified as administrator, and undertook to run the farm in an effort to pay off the mortgage debt and kept up the family home for the sisters. He reduced the debt, but in 1907 the farm was sold under the judgment for the mortgage debt and was bought by W. P. Crutcher for $900. It was appraised at $2,500 and within the year allowed for redemption, Mrs. Kate E. Kirk and J. A. Crutcher, who were two of the eight children of J. B. Crutcher, and so owned each an eighth interest in the land, paid to W. B. Crutcher one-fourth of the purchase money with interest and redeemed their part of the land. No redemption was made by the other children. This action was brought by Mrs. Kirk

and J. A. Crutcher against W. P. Crutcher and the other children of J. B. Crutcher in which they sought to surcharge the settlement of W. B. Crutcher as administrator, to charge him with the rents of the land which he had collected, and to have the tract of land divided and their one-fourth of it laid off to them. He insisted that the land was indivisible and on a final hearing of the case, the circuit court ordered the land sold for division. From this judgment they appeal.

It is shown by the proof for W. P. Crutcher that he has made improvements on the land since he took charge of it, but these improvements lie on the east side of the tract; and it is insisted for the plaintiffs that their one-fourth of the land can be cut off on the west side without impairing the value of the remaining tract. The proof for W. P. Crutcher is to the effect that to cut off to the plantiffs their one-fourth on the west side of the tract would be to impair the value of their interest as their strip of land would be so long and so narrow that it could not be sold or used to advantage. They, however, insist that it shall be so cut off, and that it is no concern of W. P. Crutcher that they may be prejudiced by the division which they ask. W. P. Crutcher owns 84 acres of land lying west of this tract which he has bought since he bought this tract, and to lay off the plaintiffs' land as they ask it would be to cut him off from this 84 acres. But in determining whether the 245 acres is divisible we cannot take into consideration other tracts of land that either of the parties may own. If the 245 acres considered alone is divisible without materially impairing the interest of the parties, it may be divided. W. P. Crutcher can not be assigned his part of the 245 acres on the west side of the tract and next to the 84 acres because he has placed his improvements on the east side of the tract. The fact that he has also bought another tract of 84 acres on the west side cannot deprive the plaintiffs of their right to a partition if they would otherwise be entitled to it. If the plaintiffs are willing to take their land in a long strip on the west side of the tract, and this does not prejudice W. P. Crutcher, the court will give great weight to the judgment of the plaintiffs that a division in this way is more to their interest than a sale of the whole tract. They are both non-residents of the State; they are both in moderate circumstances and unable to buy the whole tract. W. P. Crutcher is able to buy the whole tract, and they would

be unable to bid against him. So if the whole tract were sold, they might suffer. The law favors the actual partition of land where it is practicable. A sale will not be ordered unless necessary to protect the interest of the parties. Prima facie a tract of 245 acres of land lying in a rectangle with improvements all on one side is divisible so as to cut off one-fourth of the land without seriously affecting the remaining three-fourths. After carefully considering the evidence we do not find any facts stated sufficient to require a sale of the whole tract for division.

Under section 490 of the Civil Code a vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity if the estate be in possession, and the property "cannot be divided without materially impairing its value or the value of the plaintiff's interest therein." Sub-section 7 of section 494 is as follows:

"All persons interested in the property must be made parties; and, if objection to the sale be made by a defendant having a joint interest, his share shall not be sold, but the property may be divided, and a sale of the shares of those desiring it may be ordered, if such division and sale can be made without materially impairing the value of the property or of the plaintiff's interest therein."

W. P. Crutcher is the person asking the sale here; appellants are resisting a sale. Under the statute the property must be divided if this can be done "without materially impairing the value of the property or of the plaintiff's interest therein." To cut off to appellants their one-fourth interest in the land will not materially impair the value of the property or the interest of W. P. Crutcher therein. The purpose of the statute is to allow one joint owner to have his share cut off to him where this can be done without injustice to the other owner or owners. It should be liberally construed to effectuate its purposes, and it seems to us to apply aptly here. (See Conner v. Cox, 15 R., 140; Talbott v. Campbell, 23 R., 2198.)

On the return of the case to the circuit court, an order will be made appointing commissioners to divide the land and directing them to lay off W. P. Crutcher's three-fourths interest so as to include his improvements and to lay off to appellants one-fourth of the land considering quantity and quality and not considering the improvements placed upon the land by W. P. Crutcher.

The statement of the account which the circuit court made seems to have been based upon an off-set of rents against improvements, but as the improvements will be set aside to W. P. Crutcher, he should account for the rents. He should not be charged with rents on his own improvements, but is chargeable with a fair and reasonable rent for the land considered without reference to the improvements which he put upon it. We will not. now undertake to make a statement of the account between the parties or pass on the question of surcharging his settlement in any particular. These matters may be better· disposed of in the first instance in the circuit court. On the return of the case if either party desires it, the action will be referred to a commissioner to report a settlement of the account.

Judgment reversed and cause remanded for further proceedings as above indicated.