## Leslie, et al. v. Sparks.

(Decided November 21, 1916.)

### Appeal from Pike Circuit Court.

1. Partition—Actions for Partition—Allotment.—Where it appeared in an action under section 2348 of the Kentucky Statutes to partition land between three joint owners, that the plaintiff individually owned another tract contiguous to the tract jointly owned, it was not error for the court to direct the commissioner to allot plaintiff's share so that it would adjoin his home tract, taking into consideration the quality, quantity and value in making the allotment, and also to allot to each of the defendants one-third of the land according to quality, quantity and value; provided the land was susceptible of partition without materially impairing its value.

2. Pleading—Issue—Traverse.—Where an issue has been once made by the pleadings, and a subsequent pleading reiterates the facts already in issue, it is not necessary for the opposing party to again traverse them.

3. Partition—When Sale as a Whole Should be Made.—Where land is jointly owned, a partition is the joint owner's primary right, which will not be denied him unless it be made affirmatively to appear that the land is indivisible without materially impairing its value; on the other hand, if such indivisibility is so made to appear, it would do equal violence to the rights of the joint owners if a sale, as a whole, should be denied them under subsection 2 of section 490 of the Civil Code of Practice.

4. Partition—Section 2348 Kentucky Statutes.—Section 2348 of the Kentucky Statutes authorizing a partition of land held by joint owners, contemplates not only an equal division according to value, but a division by which no interest will be materially impaired, in value.

W. K. STEELE and J. S. CLINE for appellants.

STRATTON & STEPHENSON for appellee.

Opinion of the Court by Chief Justice Miller—
Reversing.

Ingraham Leslie, W. S. Litteral and David Sparks
jointly and equally own two tracts of land, containing
178 acres and 10 acres, respectively, lying on Joe's
creek, in Pike county. The two tracts are contiguous,
and may be treated as one tract for the purposes of this
case. The land formerly belonged to Leslie and Litteral,
who sold an undivided one-third interest thereof to
Sparks, for $333.33, in November, 1908.

Sparks owns and lives upon his home farm contain-
ing between seventy-five and one hundred acres, which
lies next to the 188-acre tract.

On December 23, 1914, Sparks brought this action
against Leslie and Litteral for the purpose of having
the 188 acres divided between Leslie, Litteral and him-
self, according to their respective interests, as may be
done under section 2348 of the Kentucky Statutes. Les-
lie and Litteral answered, denying that the tract could
be divided without materially impairing its value, or the
value of their interest therein; and, by a counter-claim,
they asked that the property be sold, as a whole, for
the purpose of dividing the proceeds of sale between the
joint owners, as is provided by subsection 2 of section
490 of the Civil Code of Practice.

The second paragraph of the answer alleges that the
tract is mountainous and rough, containing less than one
acre of level land; that there is very little agricultural
land in it; that there is only one house or building site
on said tract; that it has underlying it two or three work-
able seams of valuable bituminous coal, about six feet
thick; that it would be impossible to divide the tract so
as to allot to the respective owners thereof their shares
according to quality, quantity and value; that it cannot
be divided without materially impairing its value, or
the value of the defendants' interests therein; and, that
it would sell for a greater price, as a whole.

The answer further states that Litteral had made a
"give or take" proposition to Sparks for their respec-
tive shares in the land, and that Sparks had refused to
entertain it. And, during the taking of proof, appellants
offered Sparks $800.00 for his undivided interest, which
he refused.

The chancellor found that the land could be divided between the owners without materially impairing its value, and entered a judgment accordingly. He further directed the commissioner to allot Sparks' share so that it would adjoin his home place. From that judgment the defendants, Leslie and Litteral, prosecute this appeal, insisting that the court erred, (1) in directing Sparks' share to be laid off so that it would adjoin his home place, without qualifying that provision by requiring that it should be done so as not to injure the interests of appellants; (2) that judgment should have gone for appellants because the second paragraph of their answer and counter-claim, which alleged that the tract was indivisible, giving the reasons therefor, had not been controverted by a reply; and, (3) that the tract is not divisible without materially impairing its value and the value of appellants' interests therein, under the proof.

1. There is no merit in the objection to the form of the judgment. While it is true the judgment directed the commissioner to allot plaintiff's one-third interest so that it would adjoin his home tract, it further directed him to partition to Sparks one-third of the land ''according to quality, quantity and value, and also to allot to each of the defendants one-third of said land according to quality, quantity and value.'' This provision of the judgment necessarily meant that each owner should be allotted his one-third interest in the land, taking into consideration the quality, quantity and value of the respective shares so allotted, and that neither joint owner should receive more than his one-third interest.

2. Neither do we find any greater merit in the second contention, that the prayer of appellants' counter-claim should have been granted, under the pleadings. It is true that the counter-claim affirmatively alleges the indivisibility of the tract, and gives somewhat in detail the reasons upon which that belief is based. But, the first paragraph of the answer was a traverse of the petition, which had alleged that the land was worth $1,500.00, and could be divided without materially impairing its vendible value. There was, therefore, but one issue presented by the pleadings, and that was, whether the land could be divided without materially impairing its value, or the value of plaintiff's interest.

That issue was fully made by the allegations of the petition and the controverting allegations of the first paragraph of the answer. The counter-claim of the appellants was merely an assertion upon their part that the land should be sold, as a whole, on account of its indivisibility, and asked the affirmative relief authorized by section 490 of the Code; but the issue was not thereby changed. If the case had been tried upon the petition and the traverse thereof by the answer, and the proof had established the indivisibility of the tract, the only judgment possible would have been a dismissal of the petition. But under the counter-claim, which presented the same issue of indivisibility, a judgment of sale would be proper, in case the fact of indivisibility was established by the proof. The effect, therefore, of the counter-claim was to make possible the sale of the tract as a whole, but not to change the issue of fact made by the first paragraph of the answer.

It has frequently been held by this court that where an issue has been once made by the pleadings, and a subsequent pleading reiterates the facts already in issue, it is not necessary for the opposing party to again traverse them. Robinson v. Williamson, 7 Bush 604; Macklin v. Trustees, 13 Ky. L. R. 93; Preston v. Beall, 14 Ky. L. R. 61, 19 S. W. 175; Schmidt v. Mitchell, 101 Ky. 591.

3. The proof is contradictory only upon the question of the divisibility of the tract. All the witnesses agree that the land is mountainous and rough, with less than one acre of level land, and that it has only one suitable building site for a residence; that it contains at least two seams of workable coal, but that no survey of the coal has ever been made; and, that it is worth from $1,500.00 to $1,800.00—one witness for the appellants, however, placing the value at $2,000.00.

Upon the principal issue of divisibility, appellants introduced six witnesses, who testified that the land could not be divided without materially impairing its value, and that it would bring a greater price if sold as a whole; while Sparks introduced five witnesses, who testified precisely to the contrary.

It further appears that if Sparks' share of the land in question be laid off to him so as to adjoin his home place, it would increase the value of his home place in a sum perhaps greater than the actual value of the share so allotted. In other words, Sparks' allotment would

thereby be worth more to him than the respective shares of Leslie and Litteral would be worth to them. That fact, however, does not affect the right of Sparks to have a division of the land, provided it be divisible without materially impairing its value; neither does it injure Leslie or Litteral.

In Talbott v. Campbell, 23 Ky. L. R. 2199, 67 S. W. 53, it was said that unless it is made affirmatively to appear that the property is indivisible without materially impairing its value, it would be error to adjudge its sale as an entirety; that the owner of each share is entitled to hold his property subject only to the rights of his co-tenants; and that, if a tract is indivisible, it would be unjust to the other tenants to compel them to suffer sacrifices to gratify one joint owner's whim or claim to personal use of the identical property.

That language was quoted with approval in Gill v. Lane, 26 Ky. L. R. 269, 80 S. W. 1166.

The effect of these decisions is, that a partition is the joint owner's primary right, which will not be denied him unless it be made affirmatively to appear that the tract is indivisible without materially impairing its value. On the other hand, if such indivisibility is so made to appear, it would do equal violence to the rights of the joint owners if a sale as a whole should be denied them.

Appellee, while not controverting the propositions of law above laid down, relies upon Conner v. Cox, 15 Ky. L. R. 140, 22 S. W. 605, which merely holds that although a tract of land jointly owned is indivisible, yet, if it further appears that the interest of one joint owner can be allotted to him without injury to the interest of the other joint tenants, the court will allot his interest to him so that the other joint tenants may still hold their shares jointly. See also Kirk v. Crutcher's Admr., 145 Ky. 54.

Sparks insists that this rule can be applied under the facts in the case before us, by allotting him his one-third of the tract in question so that it may adjoin his home place, while Leslie and Litteral may continue to hold their two interests jointly. But, this assumes that Sparks' share may be allotted without materially impairing the value of the remaining two-thirds of the tract, which is the very question in issue. Unquestionably, a tract of 188 acres can be divided into three parts,

if only acreage is considered. The statute requires, however, not only an equal division according to values, but a division by which no share will be materially impaired, in value.

And, it further appears that in order to carry out the judgment and allot Sparks' interest so that it will adjoin his home place, it will necessarily include within his allotment the house site, above referred to, and leave no building site whatever for two-thirds of the farm.

The principal value of this land lies in its two undeveloped coal seams. They have not been surveyed, and no proof has been taken, and probably could not be taken, showing their extent or location. The commissioner has not yet made a partition, and it cannot be said how he will divide the tract.

However, considering the character of the land, the location of the only available house site, and the great uncertainty that must necessarily arise as to the value and location of the two unsurveyed coal seams, it seems reasonably clear, under the proof, that no satisfactory partition of the land can be made. At best, it would largely be a guess as to values based upon unknown and uncertain factors. In a case of that character, the Code contemplates a sale as a whole, and not a partition.

Judgment reversed, with instructions to the circuit court to enter a judgment selling the tract as a whole and directing a division of the proceeds.