## Prewitt, Committee for Bettie Hunt v. Hurt.

(Decided December 21, 1917).

Appeal from Montgomery Circuit Court.

1. Judicial Sales—Policy of the Law.—The law favors the division and allotment of land, in kind, rather than a sale for division of proceeds.
2. Judicial Sales—Division of Proceeds.—In an action for the sale of land and a division of the proceeds, one of the joint owners of three tracts may ask and have allotted to him his entire share of the three tracts to be laid off, in kind, from one of the three tracts adjoining a fourth tract owned individually by him, if this can be done without materially injuring the vendible value of the residue of the three tracts.
3. Judicial Sales—Allotment—Division of Proceeds.—Even though a division of land among fourteen different co-owners would materially injure the estate, yet in an action for a sale for division of the proceeds, one co-owner may be allowed to have an allotment, in kind, of his share provided the saleable value of the residue be not injuriously affected.

EARL W. SENFF and HENRY R. PREWITT for appellants.

CHARLES D. GRUBBS and JOHN A. JUDY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This action was instituted in the Montgomery circuit court on October 26th, 1917, for a sale, as a whole, of three separate tracts of land, and a division of the proceeds among the fourteen heirs and devisees of Mrs. Lizzie Hurt. At the time of her death, Mrs. Hurt owned two tracts of land, one containing 101 acres, and the other 49 acres and 1 rod, both tracts located in Montgomery county. She occupied a third tract, which was allotted to her as dower in the landed estate of her deceased husband, this tract containing 99 acres, 1 rod and 8 square poles. She left six children and eight grandchildren surviving her, each the owner of a fractional part of each of the three tracts, some fractions running as low as

1/320th of the whole.  Mrs. Bettie Hunt, a daughter of Mrs. Elizabeth Hurt, is a person of unsound mind, and H. R. Prewitt is her committee.  Mrs. Hunt is entitled to a one-eighth undivided interest in the two tracts, owned by Mrs. Hurt at the time of her death, and a one-sixty-fourth part of the dower tract upon which Mrs. Hurt resided.  The two larger tracts adjoin, but the third and smaller tract lies nearly three-fourths of a mile from the other two.

Each of the parties interested consent to a sale of the property, as a whole, and a division of the proceeds, except the committee of Mrs. Betty Hunt, who asks that the three tracts of land be valued separately and that her portion, being a one-eighth undivided interest in two of the tracts and a one-sixty-fourth interest in the third for life, be laid off and allotted to her, in kind, from the 49-acre tract, which adjoins a certain parcel of land already held and possessed by Mrs. Hunt.  It is the contention of the committee that Mrs. Hunt is entitled not only to a division and allotment, in kind, to her, but that the same should be laid off entirely from the 49-acre tract so as to adjoin the tract already held by her.  This right is denied by appellees who insist that the lands are not susceptible of advantageous division, and assert that a division would materially reduce the saleable value of the residue.

The sole question for determination is, can one joint-owner in three separate tracts of land have a division and allotment, in kind, of his entire share from one of the tracts lying adjoining a fourth tract owned exclusively by him?  This question seems not to have been passed upon by this court.

The lower court denied the right of appellant, Mrs. Hunt, to have such allotment, and directed a sale of the whole of the three tracts and a division of the proceeds, and of this the committee of Mrs. Hunt complains.

By subsection 7 of section 494, Civil Code, it is provided:

"(Parties—Sales as to some, division as to others.) All persons interested in the property must be made parties; and, if objection to the sale be made by a defendant having a joint interest, his share shall not be sold, but the property may be divided, and a sale of the shares of those desiring it may be ordered, if such division and sale can be made without materially impairing

the value of the property or of the plaintiff's interest therein.''

Construing this section, it has been repeatedly held by this court that a division may be had as to one joint-owner and a sale of the residue. In the case of Conner v. Cox, et al., 22 S. W. 606, this court held that where the testimony shows that the land cannot be divided, but that an allotment of one of the co-tenants' interest can be readily made without materially injuring the sale-able value of the remainder of the tract, the allotment should be made. Again, in the case of Gaithers v. Brown, et al., 7th B. Monroe 90, it was held that in dividing lands among tenants in common or parceners, the interest of all, without prejudice to any, should be consulted and the lands so divided as to lay off the part or portion to which each tenant is entitled adjoining and in convenient form to lands which he already holds.

In the case of Graham v. Graham, 8th Bush 334, it is said that the court has authority in making a partition to adjudge that such of the heirs as sought it should have their shares of land laid off and reserved to them preliminary to ordering a sale of the residue, and that it was right and proper to direct the commissioners to lay off the shares of such of the heirs as sought a division, so as to adjoin their other contiguous lands, if such can be done without injuring or materially affecting the sale-able value of the residue.

The law favors a division of land rather than a sale for division, and a sale will not be ordered unless substantial injustice will be done by a partition. Kirk v. Crutcher's Admr., 145 Ky. 52. Courts of equity are remiss to direct a sale of property and a division of the proceeds where a division of the joint property can be made without material injury to any of the holders, and one of them desires to retain his portion, in kind, and to allot it to him will not materially affect the saleable value of the residue, such an allotment will be ordered. But, in this case there are three tracts to be divided or sold, and the proceeds divided. All of the interested parties have filed answers admitting that the property is not susceptible to advantageous division except the committee of Mrs. Hunt, who desires to retain her portion in kind. The evidence conduces to show by reputable landowners surrounding the property in question that to lay off to Mrs. Hunt her entire interest in the three tracts, from the 49 acre-tract adjoining her individual property

will leave enough of said tract remaining to maintain its status, and will not materially affect or injure the saleable value thereof, nor in any manner prejudice the rights of the other joint-owners if a sale of the residue be directed. It is said, however, that if such a division be had that Mrs. Hunt will not, in truth, be receiving her property, in kind, but will receive her entire share from the three tracts by allotment from one tract only. But, it must be remembered that Mrs. Hunt is not objecting to this, but is insisting upon it, and since the other joint-owners are seeking a sale of the property and a division of the proceeds, and since their individual interests will not suffer by such division or allotment to Mrs. Hunt, equity will so decree, because so long as the salable value of their residue is not materially affected, and they receive their full share they have no right to complain. Mrs. Hunt has a right to retain her property, in kind, if to do so will not materially affect the rights of the other joint-owners, and this the law favors rather than a sale and a division of the proceeds. The fact that she is allotted her entire interest in the three tracts from one tract only, does not alter the case where a sale is to be had for division of the proceeds, unless it reduces the saleable value of the remainder of the land.

The equitable rule is to lay off the portion of each co-tenant adjoining other lands owned by him, if this can be done without material injury to the other co-tenants, or if this cannot be done, then to so allot the lands as to best serve the convenience of all the parties taking under the division.

The lower court should have adjudged a division as to Mrs. Hunt, directing that the commissioners appraise the three tracts of land and ascertain the portion to which Mrs. Hunt is entitled from said three tracts, the nature and value considered, and then have allotted said amount, so found, to her from the 49 acre-tract adjacent to her individual property, and directed a sale of the residue and a division of the proceeds among the other co-owners, as their interest appear. This would have satisfied the rule requiring a division where one can be had without substantial injustice to the other co-parceners.

The case at bar is very similar in some respects to the case of Conner v. Cox, *supra,* in that the three tracts are not susceptible of division among the fourteen different owners without material injury to the several shares, but since all the holders, except Mrs. Hunt, desire

a sale and a division of the proceeds and this will not be injuriously affected by the allotment of Mrs. Hunt's entire share in the three tracts from the 49-acre tract, it should be done even though upon the whole the lands are not susceptible of advantageous division.

Upon a return of the case to the lower court the judgment directing a sale and a division of the proceeds should be set aside, in so far as it affects Mrs. Hunt, and in lieu thereof judgment should be entered in conformity with this opinion.

Judgment reversed.