## Fannin v. Fannin.

(Decided Oct. 9, 1934.)

DYSARD & TINSLEY for appellant.

MARTIN & SMITH for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant, Nona B. Fannin, and the appellee, Lota M. Fannin, are the joint owners of a lot with the improvements thereon, located on the southwest corner of Greenup avenue and Fifteenth street in the city of Ashland. The lot fronts 30 feet 2 inches on Greenup avenue and extends back along Fifteenth street approximately 93 feet. Appellant owns an undivided one-third interest in the property and appellee owns the other undivided two-thirds interest.

Appellant brought suit in the Boyd circuit court (under section 499, Civil Code of Practice) to have the property partitioned, alleging that it was susceptible of division without materially impairing the interest of either party. Appellee filed her answer, counterclaim, and set-off, in which she denied the divisibility of the property without materially impairing its value, and affirmatively pleaded that the property was not susceptible of division and asked that it be sold in the entirety and the proceeds thereof divided between the owners thereof according to their respective interests therein. By subsequent pleadings, the issues were made and the proof taken and the court entered judgment adjudging that the said real estate is not susceptible of division and cannot be divided without materially impairing its value and ordered and adjudged the property sold and the proceeds thereof divided according to the interest of the respective owners. From that judgment, Nona B. Fannin has brought this appeal.

The building on the lot consists of a two-story combination brick and stone building which was built at the same time. There is a conflict between the parties whether the building is one as a unit or two separate buildings. It is the contention of the appellant that there are two disconnected buildings on the lot and used separately; on the other hand, appellee contends that the building consists of one building only, the ground floor of which has been and is occupied for mercantile pur-

poses and the second floor consists of living apartments and office rooms. Appellant insists that the partition or division between the alleged two buildings is approximately two-thirds the length of the lot and building from Greenup avenue and that the rear building or rear end of the building, if it be one building, extends from the proposed division line to the rear of the lot which is approximately one-third of the property and asked to be allotted to her the rear one-third of the property and the front two-thirds to appellee. It is conceded, however, that a division of the property at the point above indicated, and as contended for by appellant, would give her about 7½ inches more than one-third of the lot. It appears from the record that the side of the building fronting Fifteenth street is connected and indicates one building. However, under the stairway which is the only means of ingress and egress to the rear part of the building on Fifteenth street, it appears that there is an open space at a point approximately two-thirds of the length of the building, measuring from Greenup avenue, and appellant insists that a division of the building and lot could properly be made at that space, which would be an equitable and fair division of the property. It is contended, however, for appellee that if a division of the building were made at the point indicated, in order to protect each building from fire which might originate in the other, it would be necessary to erect a fire wall along the open space above indicated and that such wall would cost, according to the estimates of various building contractors, approximately $2,000. However, it is estimated for appellant that the cost of such fire wall would be $587, and an additional outside stairway would cost $275, which would be a total cost of $862.

It is the rule in this state that the law favors a division of land in kind rather than a sale and a division of the proceeds (King v. King, 182 Ky. 665, 207 S. W. 1; Kirk v. Crutcher's Adm'r, 145 Ky. 52, 139 S. W. 1076; Prewitt v. Hurt, 178 Ky. 528, 199 S .W. 33; Dunbar et al. v. Gabbert et al., 194 Ky. 335, 238 S. W. 1050), and this rule particularly obtains where the property sought to be divided or sold is farm land or other parcels of real estate reasonably susceptible of division. But a different rule obtains respecting town lots. In a long line of decisions this court has consistently held that the court will presume, without necessity of proof, that a town lot is not susceptible of advantageous di-

vision. Patterson v. Gray, 3 Ky. Law Rep. 251; Burns v. Ingersoll, 6 Ky. Law Rep. 737, 13 Ky. Opin. 398; Faught v. Henry, 13 Bush, 471; Bell v. Smith, 71 S. W. 433, 24 Ky. Law Rep. 1328. However, this presumption may by proof be overcome.

The appellant alleged in her petition, and it is conceded, that the property sought to be divided consists of a town lot. Therefore, the burden was on appellant to overcome this presumption by reasonably clear and convincing proof. Thus, it will be seen that the determinative question in this case is whether or not she has sustained this burden.

W. A. Fannin, husband of appellant, testified that in his judgment the property could be divided as sought by appellant without impairing its value or the value of the interest of the parties. He states that the room on the rear 30 feet 10 inches had its own bath, separate electricity, water and gas separate, and the front room likewise is plumbed for water and gas and wired for electricity separate from the rear room. He stated that in view of the low prices now obtainable for real estate in the city of Ashland, the property would not bring its real value if sold and it would be to the best interest of both parties to divide the property in kind. Fred Gresling, an engineer who made a survey, measurements, and general inspection of the building as a whole, testified that in his judgment the building could be divided by a party wall at the point above mentioned, without injury to the value of the building as a whole. A number of other witnesses, some of whom are engineers and others were building contractors and real estate dealers, corroborated the above two witnesses. Taking the evidence produced for appellant standing alone, it would appear that a division of the property would be proper.

We will now give a resume of the evidence adduced in behalf of appellee, defendant below. John D. Fannin, husband of Lota M. Fannin, testified that the buildings on the lot were constructed at the same time, the same cornish, lines, and brick work, and was all under one and the same roof and of uniform height; that he and his wife had occupied a part of the building since 1930 and he was well acquainted with the nature and structure of the building and that the property could not be divided without impairment of the value of the interest of the respective owners; that a division of the prop-

erty as contended for by appellant would require the erection of a brick wall at a considerable cost, which he places at $2,156 according to an estimate which he had made; that if the building was divided as sought to be, it would be necessary to make an extra door or change a window to a door, which would incur some costs in addition to the party wall; that the necessary changes in the building, were it divided as sought by appellant, would change the outside appearance of the building and require another brick column put in and other changes such as moving a partition wall, plumbing, and wiring; that the building was arranged so as to be used by one tenant, although it could be used by more; that T. E. Newman, the father of appellee and appellant, used the entire building.

Paul D. Pollitt, who has been engaged in the real estate business in Ashland for about ten years dealing mostly in city property, testified that he was acquainted with the market and rental values of real estate in Ashland and was acquainted with the property involved in this suit and he had recently inspected the property for the purpose of testifying and had examined the blueprints of the property recently made. He was asked to give his judgment respecting the divisibility or indivisibility of the property. He answered: "Well, it would be impairment to it, which would probably reduce the earning power and would create an expense to divide it." He estimated the cost of the wall and other necessary changes which would include an additional bathroom and stairway, to be about $1,500. He estimated the value of the property in its present condition to be about $18,000. Mr. Pollitt was asked about the estimate of $587 as the approximate cost of the party wall made by Walter Cox, and he said that he checked Mr. Cox's figures and that he did not "think a thing of Cox's figures there at all." It seems that this witness sharply disagreed with Cox respecting his estimate of the cost of the wall.

John W. Woods, an attorney of the Boyd county bar, who owns business property in Ashland, and is connected with the Ashland Building & Loan Company, engaged, among other things, in making loans on business property in Ashland, testified that he was acquainted with the property in controversy and gave it as his opinion that the property could not be divided without impairing its value. He was asked to state

what, in his opinion, would be the probable cost of such a division. He answered: "I would say $1,500 or $2,000 taking everything into consideration. Q. If divided would the general appearance of the building be improved or injured? A. Injured. Q. What about its rental value if divided? A. Well—lessened if any difference." On cross-examination Mr. Woods said that he considered the Greenup avenue end of the property more valuable, and, when asked how much more valuable, he answered: "That is the thing, I could not say how much, That is the trouble of dividing property, dividing it so as to give each one an interest without doing them any harm." And he further said that such a division of the building and rooms would probably impair both, and, if the property was his, he would prefer to rent it as a whole. J. H. McCleary, president of the Ashland Building & Loan Company, and the owner of real estate in Ashland, testified that he was acquainted with the property in controversy. He was asked to state his opinion respecting the advisability of dividing the property as sought by appellant, and he said that he would prefer it as a whole and thought that such a division in the circumstances would impair the value of it.

Don Dixon, a general building contractor in Ashland, testified that he had recently examined the property in question and made blueprints, estimates, and detailed sketches with reference to a division of it, and that the lot was covered by a two-story brick building all under one roof and of uniform size; that he made a detailed estimate of the cost of construction of the division wall in the building located at the point designated by appellant, and that the cost as estimated by him was $2,156, and that the construction of the wall at the point contended for by appellant would require the moving of the stairway or else lose a lot of space; that "you would have to cut off the show window and put a new entrance and change the fixtures of the bathroom, carpenter work, brick work and sky light"; that the property could not be divided at that point without making these repairs and such changes and repairs would hurt the appearance of the property because it would break the architectural effect of the building; that the construction of the division wall would necessitate changes on the second floor as well as the ground floor and would require the construction of additional pipe for gas, water, wires for electricity, and sewerage in

and to the building after the division had been made. He also stated that the building could not be occupied for its present purposes while such changes or construction work was going on, and there would have to be a temporary wall thrown in to protect the base, especially on the front.

Mr. Pollitt, John W. Woods, and other witnesses testified that, if a division of the property was made as requested by appellant, they would consider the end of the property facing Greenup avenue proportionately more valuable than the rear end of the lot and that such a division would be to appellee's advantage. Conceding, without deciding, that a division of the property as sought by appellant would be more advantageous to appellee, once it was divided and all necessary changes and repairs, party walls, etc., erected as indicated, yet we know of no provision of law authorizing the court to require a person to accept that which they are not legally bound or required to accept because the court or witnesses may think it is a bargain.

Appellee cites the case of Shelby v. Shelby, 192 Ky. 304, 233 S. W. 726, and argues that it supports their contention in the case under consideration. An analysis of the Shelby Case discloses that the opinion was based upon the provisions of the will of an ancestor of the Shelby heirs and a deed of settlement between them both of which instruments specifically stipulated that the Shelby heirs (which included the litigants) were to occupy the Shelby home jointly. The petition alleged the joint right of plaintiff and defendant to occupy the premises, and stated as a ground for the partition of the property that the relations between plaintiff and defendant have become so inharmonious that it was impossible for them to live together on the farm in peace and comfort or to operate the farm jointly. It is also stated in that opinion that the defendant in her answer resisted the prayer of the petition (which was for a partition of the property), not because the premises could not be divided in kind, but upon the grounds that (a) plaintiff had abandoned the premises and (b) that the terms of the settlement deed, read in connection with the provisions of the will as properly construed, provided for a joint occupancy and forbid an enforced partition of the premises, and that such provisions were left out of the deed by mistake and oversight and it was sought to be reformed so as to include the provision.

It is our view that the Shelby Case, supra, is not analogous to the instant case because of the different facts and issues as above indicated, which do not appear in the instant case.

It must be conceded that the evidence is conflicting, yet it is our view that the preponderance of the evidence conduces to show that a division of the property would require numerous changes in the building which would require the expenditure of a large sum of money far in excess of the cost of a sale of the property, and, in addition to the cost, it is apparent that such changes and additions would mar the architectural appearance of the building.

It is our conclusion that the facts disclosed by this record do not justify or warrant a division of the property.

The judgment is affirmed.