## Whitefort et al. v. Barron et al.

Oct. 27, 1942.

Terry L. Hatchett for appellants.

Thompson & Walden for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Katherine Demumbrum Whitefort and Nola Barron Anderson sued Mrs. P. W. Barron and others to obtain the sale and division of proceeds of 365.8 acres of land in accordance with Section 490, subsection 2, of the Civil Code of Practice. Mrs. Barron denied that the property was indivisible without materially impairing its value or the value of each share therein, and pleaded as a counterclaim her right under Section 494, subsection 7, of the Code, to have her share set apart next to 190 acres which she owns adjoining it on the southwest. The land had belonged to James H. Barron, who died intestate in 1884. Mrs. Barron acquired title to 9/10ths interest in the land from her husband, a son of James H. Barron, who had purchased the interests of eight other heirs. The remaining 1/10th is owned by seven persons, viz., the plaintiff, Katherine Demumbrum Whitefort 5/80ths; the plaintiff, Nola Barron Anderson, 1/80th; and five others, each 1/200th interest. The circuit court adjudged partition and allotment of 9/10ths of the land to Mrs. Barron adjacent to her other property, and a sale of the other interests for distribution of the proceeds, but the order of sale was deferred until partition should be made. The plaintiffs appeal from that judgment, but only Mrs. Barron appeals in opposition. The owners of the 5/200ths interest made no defense below and offer none here.

The tract is situated about five miles from Edmonton. It abuts a county road for a few rods on the north, but, as we understand, it is generally reached by travel up a creek bed and over passways. It is hilly and has evenly distributed timber of various sizes. There are only 40 or 50 acres of cleared land, 10 of which are on the north end and 18 on the south, the rest being indefinitely described. The improvements are of little value,

consisting of a boxed log house with out-buildings and a three room house on the north end. It is worth about $3,500.

In the practice of the case the plaintiffs have emphasized the small fractional interests in the whole—5/80ths, 1/80th, and 1/200ths—and the impracticability of partitioning those interests without impairing the respective values. The defendant has emphasized the division as being 9/10ths and 1/10th. The witnesses express conflicting views of fair divisibility based more or less upon the two theories. It is conceded by the defendant that under the plaintiffs' theory there would have to be a sale and not a partition. Under the other theory there is opinion evidence pro and con as to whether there could be a practical, fair and equitable division without impairment of values. Taking the viewpoint of the defendant, it is manifest that her 9/10ths interest can well be set apart to her and the remaining 1/10th cut off the north end abutting the county road as the court declared should be done. The primary question is whether that division can be made without materially impairing the value of the plaintiffs' 6/80ths interest in the whole, a condition upon which depends the right of one joint owner to have his part of land allotted in kind.

The appellants' argument is that if divided by acreage, an isolated parcel of 36½ acres would have much less value and could not be sold for anything like the equivalent of 1/10th of the proceeds of the sale of the entire tract. It is further submitted that if the improvements were included, then the acreage would be too small for any substantial use. Our attention has not been called to any case involving a situation like this. In all the cases we have had it was the owner of a smaller interest who asked to have his part laid off. In Conner v. Cox, 22 S. W. 605, 15 Ky. Law Rep. 140, Conner owned a 1/27th interest in 165 acres, a part of which adjoined his other land including a narrow strip between his home and the highway. The court held that the condition required that a 1/27ths interest be set off to him so as to include this strip. The present case presents almost the opposite state of facts, for it is the owner of the very much greater share who wants it set apart. The Code provision (Section 490, subsection 2) is that one joint owner may have his share of land separated from the balance if the condition of non-impairment of

value can be met. There is no distinction drawn between an owner who has a small share and one who has a large share. It is to be borne in mind that the law favors partition instead of a sale if it can be accomplished equitably and fairly. The Code provisions are clear and explicit in permitting a sale of jointly owned land for a division of the proceeds if sought on the ground of indivisibility only if it is in fact equitably indivisible, the factor of values being an important consideration. In Owings v. Talbott, 262 Ky. 550, 90 S. W. (2d) 723, 725, after a review of previous cases, we held that the owner of a 1/3 interest in a 60 acre tract was entitled to have it set apart adjacent to her other land and the remaining 2/3, which was owned by 16 persons, some having an interest of only 1/77th, should be sold because "The evidence does not give that assurance of resulting impairment of the remainder that would justify a refusal of an allotment to Mrs. Owings of her one-third in kind."

Equality of value as well as of quantity and quality is a criterion so that the relative vendible value assigned to each party shall be proportioned as near as may be to the extent of his interest. Hunter v. Brown, 7 B. Mon. 283, 46 Ky. 283; Leslie v. Sparks, 172 Ky. 303, 189 S. W. 463; Arnett v. Deem, 187 Ky. 691, 220 S. W. 725. The appellants' argument as to the allotment of quantity or area ignores the aspect of value in the division which is provided for in the judgment; namely, that there must be left to the appellants land equal in value to 1/10th of the whole. There must be regard for location, timber, improvements and everything that goes to make up market or salable values.

We think the judgment should be and it is affirmed.