## Norman et al. v. Norman.

December 19, 1947.

L. B. Handley, Judge.

Thompson & Walden for appellants.

Brents Dickinson and Joseph Martin for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Reversing.

This is an action brought by appellants, the heirs at law of W. T. Norman, to sell, on the ground of indivisibility, approximately one acre of real estate located in the town of Summer Shade. Appellee, the widow of Mr. Norman who died intestate, sought the allotment of dower by having set aside to her a specific portion of the property. The Chancellor allotted to the widow a part of the premises which he adjudged to constitute approximately one-third in value of the entire tract. Whether or not the evidence sustains this judgment is the only issue before us.

The property involved fronts on the main street of Summer Shade, which runs east and west, for a distance of 233.5 feet. On the eastern corner is a barber shop, separated from the remainder of the property by a

small stream. Along the center of the tract and fronting 102 feet on the street is an old frame dwelling which was used and occupied by Mr. Norman and his wife during the twenty-nine years of their married life. On the western end of the property is a service station, a cream station, and a barn. To the rear of the dwelling and service station is a vacant one-half acre lot.

Commissioners appointed by the Court examined the property and reported that it was more valuable as a whole and that the dower interest "which would include the dwelling, garage, woodshed, barn and garden" had a value of $3,300, whereas the remaining property had a value of $950. They reported it would be impossible to make a division without impairing the value of the residue. The Court sustained the widow's exceptions to this report, and entered the judgment above referred to.

Witnesses for appellee testified in substance that the dwelling house and appurtenances constituted about one-third of the value of the entire tract. It is significant that none of these witnesses placed any valuations whatever on the different parts of the property. They simply gave their opinion that the dwelling house premises were about one-third of the whole, "as near as you could get it."

A number of witnesses for appellants testified in substance that the entire tract had a value of from $6,000 to $7,000, and that the dwelling house with its immediate appurtenances had a value of from $3,500 to $6,000. These witnesses also testified to the effect that the value of the remainder of the property would be impaired if the dwelling house was set apart or sold separately.

It appears to be conceded by appellee that the determining factor is the value of the property which she desires to be set aside to her. She apparently admits also that the proof shows very definitely the dwelling house with its immediate appurtenances has a present value substantially in excess of one-third of the value of the whole tract. Appellee insists, however, that the estimated worth of the dwelling house is an inflated one due to the housing shortage, and we should

consider what would be its probable normal value in future years.

The impracticability of adopting appellee's mode of ascertaining the widow's dower rights is self-evident. It would call for pure speculation, as no one knows what future property values will be. The proper criterion for determining the fair share to which the widow is entitled is its relative value at the time the allotment is to be made. In order to justify partition, the value of the property assigned should be proportionately equal to her interest in the entire tract. Whitefort et al. v. Barron et al., 291 Ky. 712, 165 S. W. 2d 545.

The proof in this case is overwhelming that the dwelling house has a value far in excess of one-third of the value of the entire tract, and the proof is substantial that the value of the remaining portions would be impaired if sold separately. While we, of course, give great weight to the finding of the Chancellor on a question of fact, the evidence in this case does not sustain the Chancellor's finding. We, like he, are sympathetic with the widow and would like to see her retain the family home, but we cannot close our eyes to the legal rights of appellants. Where the evidence is convincing that error was committed, it becomes our regretful duty to overrule the decision of the Chancellor. Oliver v. Noe, 232 Ky. 809, 24 S. W. 2d 592.

On the evidence presented, the Court erroneously adjudged that the dwelling house and appurtenances should be set apart to appellee as dower. For the reasons stated the judgment is reversed for proceedings consistent herewith.