## Pursifull et al. v. Williamson et al.

January 24, 1950.

Rehearing denied March 10, 1950.

R. L. Maddox, Judge.

E. B. Wilson for appellants.

Robert J. Watson for appellees.

JUDGE CAMMACK—Affirming.

This action was instituted by Cecil Kidd against Fred Smith and his wife, Sallie Smith, John M. Pursifull and his wife, Maude Pursifull, and Gaines Williamson and his wife, Edith Williamson. Kidd sought to have sold a piece of property in which all the defendants had an interest to satisfy a lien which he had against the Smiths. After the Smiths purchased an interest in the property from Kidd they sold their interest in a small corner of it, on which a tourist camp was located, to the Williamsons. Various claims and counterclaims were filed in subsequent pleadings. We are concerned, however, with only one phase of the litigation, namely, the propriety of a judgment directing that the piece of land on which the tourist court was located be sold and the proceeds divided between the owners, J. Matt Pursifull and his wife, and Gaines Williamson and his wife.

The Pursifulls are objecting to the order of sale on several technical grounds. On the other hand, the Williamsons are insisting that it was proper. The order reads in part as follows: "This cause being before the court upon the motion of Gaines Williamson and Edith Williamson to sell that portion of the property herein involved and described as Sharp's Tourist Court for partition between the co-owners, John Matt Pursifull and Gaines Williamson, each owning an undivided one-half interest therein, and it appearing from the verified pleading of Gaines Williamson and by admission of the co-owner, John Matt Pursifull and by the personal knowledge of the court that this property is actually indivisible it is ordered and adjudged * * *."

The last paragraph of the order provides: "To which ruling of the court the defendants J. M. Pursifull and Maude Pursifull except (they having objected to

said motion) and pray an appeal to the Court of Appeals which is granted."

As to the nature of the controversy between the Pursifulls and the Williamsons it is said in the appellants' brief: "* * Pursifull asked that when Williamson's one-half interest is sold, the proceeds of sale be applied according to the priority of liens asserted by Kidd and Pursifull against Williamson and his interest in the property in lien. With the exception of an item of something over $1,000.00 which Pursifull claims is owing from Kidd and the Smiths to him, secured by a lien on an undivided one-half interest in the entire twenty acres boundary of land, formerly owned by Kidd and Smiths, and the further exception of an alleged repair bill hereinafter mentioned, there is no real controversy between Pursifull and Williamson. The priority and validity of liens does not concern this Court on this appeal, since the appeal here comes about by reason of the following facts."

The facts then set forth in the brief show that the order to which objection is raised was entered the day after Williamson filed his answer to Kidd's petition and Pursifull's cross-petition, wherein he asked, among other things, that the tourist court property be sold because of its indivisibility. On the same day the property was ordered sold Kidd filed a response in which he objected to its sale as a whole.

As we have noted, the only question involved on this appeal is the sale of the two-acre tract on which the tourist court is located. All of the parties to the action had asked at one time or another that the property be sold. The order recites that the appellants objected to the court's ruling, they having already objected to the appellees' motion asking that the property be sold. No exception was taken, however, to the court's statement that John M. Pursifull had admitted that the property was indivisible. It is to be noted further the order shows the court had personal knowledge that the property is indivisible. It is true that the law in this state favors a division of land in kind rather than a sale and division of proceeds, but a different rule applies in respect to town lots, or property such as that under consideration in this case (a tourist court on a two-acre site near the city limits of Middlesboro). In such a case

the court will presume without the necessity of proof that the lot is not susceptible of division. However, the presumption may be overcome by proof. Fannin v. Fannin, 256 Ky. 273, 75 S. W. 2d 1042; Taylor v. Farmers and Gardeners Market Association, 295 Ky. 126, 173 S. W. 2d 803.

We have examined the record carefully, and while it is not a model from the standpoint of procedural steps, we fail to see how the substantial rights of the parties have been prejudiced. Certainly an equitable determination of the rights of the parties was reached.

Judgment affirmed.