## Cherry, et al. v. Cherry, et al.

(Decided January 20, 1915.)

### Appeal from Simpson Circuit Court.

1. Land—Joint Owners—Division.—Where a joint owner of land which is in possession, desires it, the other joint owners must submit to a sale of it, if the shares are worth less than $100.00 per share, or if it cannot be divided without materially impairing

its value as a whole, or the interest of the ones desiring the sale; but if the shares are worth more than $100.00 a share and it can be divided without materially impairing the value of it, or the interest of the ones desiring it, the other joint owners must submit to a division of it.

2. Land—Division—Burden of Proof.—Prima facie, a tract of land containing 159 acres may be divided into three parts of equal value without materially impairing its value, or the value of either interest therein, and the burden of proof is upon the party contending that it is not divisible.

3. Pleading—Answer and Counter Claim—Caption.—An answer and counter claim should be so denominated in the caption, but if the opposing party joins issue upon it, without objection, the defect is waived, and if the pleadings state facts constituting it a counter claim, it will be considered, although it is not so denominated in the caption.

JOHN J. MILLIKEN for appellants.

WHITESIDES & HOBDY for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellants, Ann Cherry and Laura Cherry, filed their petition in equity in the circuit court against John W. Cherry, Mrs. John W. Cherry, and Seymour Smith, in which they alleged that they and John W. Cherry were the joint owners, and in actual possession, of a farm containing 159 and a fraction acres. Ann Cherry, Laura Cherry, and John W. Cherry each owned a one-third undivided interest in said farm. It also appears from the petition that this farm was purchased by the Cherrys from one J. A. Elliott, and for which they paid and were to pay the sum of $4,729.26, and that Ann Cherry and Laura Cherry had fully paid their part of the said purchase price and that John W. Cherry had paid only $510.66 of his one-third part of the purchase price, and that he yet owed the sum of $1,100.00; that the vendor had a lien on all of the land to secure the full payment of the unpaid note, and that Ann Cherry and Laura Cherry were the sureties of John W. Cherry upon the note and that his one-third interest in the land was amply sufficient to pay all of the note in full. The note had been transferred by J. A. Elliott to Seymour Smith, who is now the owner of it.

The plaintiffs alleged that the farm cannot be divided without materially impairing its value, and the value of the interest of each of the plaintiffs therein.

They filed the deed from J. A. Elliott to them, and John W. Cherry, conveying this land to them, with the petition. They prayed in their petition that Seymour Smith be required to set up his lien, and enforce it against the one-third interest in the land owned by John W. Cherry, and asked for a sale of the land and for a division among the parties entitled to it.

John W. Cherry filed an answer in which he alleged that he and Ann Cherry and Laura Cherry are the owners and in possession of the tract of land mentioned in the petition, and also alleged that since the filing of the suit he had paid off to Seymour Smith the balance of the purchase money due on said land, and had secured the release of the vendor's lien upon the land to secure the payment of the note. He also denied that the land can not be divided without materially impairing its value or the value of the interests of either of the plaintiffs therein, and asked that his one-third interest in value in the land be cut off and allotted to him. His answer, by agreement of parties, was taken as controverted of record. The defendant, Seymour Smith, did not appear nor file any answer in the case.

The parties took the depositions of numerous witnesses on the question as to whether or not the land could be divided without material injury to it as a whole, or to the interests of the plaintiffs, but the court was not enlightened by any proof as to whether or not John W. Cherry had paid off the note for the balance of the purchase money on the land, or had secured the release of the vendor's lien for the payment of the purchase money upon the land.

The caption of the answer of John W. Cherry does not contain the word counter-claim, but his answer is in all its essential allegations a counter-claim against Ann Cherry and Laura Cherry, the plaintiffs, and they waived their right to object to the pleading because it was not designated in the caption as an answer and counter-claim, by agreeing of record to take the affirmative allegations in it as controverted and making an issue thereon. The pleading of John W. Cherry is not a cross-petition as denominated by counsel for appellants, because a defendant cannot have a cross-petition against a plaintiff. (Civil Code, Sect. 96; Grimes v. Grimes, 88 Ky., 20.)

The case was submitted in the court below and resulted in a judgment dismissing the entire action, without granting any of the relief sought by either party, and to this judgment Ann Cherry and Laura Cherry excepted, and John W. Cherry also excepted, and the case now comes to this court upon the appeal of Ann Cherry and Laura Cherry, and upon a cross-appeal of John W. Cherry.

The petition contains all of the allegations necessary to make a good cause of action, under Section 490, Subsection 2, of the Civil Code, and under said section the parties who jointly own real estate and are in possession of same, can be required, at the suit of one of the joint owners, to submit to either a division of the land, if the share of each owner be worth more than $100.00, and the property can be divided without materially impairing its value or the value of the plaintiff's interest therein; or to a sale of the property, if the share of each owner is worth less than $100.00, or the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest in it.

It seems from the record that the chief question to be determined is, as to whether the land should be sold as a whole, and the proceeds divided between the joint owners, paying out of the interest of John W. Cherry the balance yet due upon the land of the purchase money, or whether the land should be divided between the joint owners and a lien declared to be upon the portion allotted to John W. Cherry to secure the payment of the balance of the unpaid purchase money. In the case of McFarland v. Garnett, &c. (10 R., 91) this court, in regard to a division of a tract of 106 acres of land, used the following language:

"Undoubtedly a tract of land containing as many as 106 acres may be divided without materially impairing its value. Prima facie, it is divisible without materially impairing its value, and the burden of proof is on the party contending contrariwise." In the case, *supra,* the division mentioned was a division in two parts of a tract of land, 101 acres in one part and 5 acres in another. In this case the division sought is a division into three equal parts, as to value, and the tract of land contains 159 acres and a fraction of an acre. Prima facie, such a division can be had of this tract into three equal parts as to value, without materially impairing the value of

the tract of land as a whole, or either one of the portions into which it may be divided. Sub-section 7 of Section 494, of the Civil Code, provides: "All persons interested in the property must be made parties; and if objection to the sale be made by the defendant having a joint interest, his share shall not be sold, but the property may be divided and a sale of the share of those desiring it may be ordered, if such division and sale can be made without materially impairing the value of the property or of the plaintiff's interest therein." In this case John W. Cherry asks that his share of the land be allotted to him, and alleges in his answer and counterclaim that such a division can be made without materially impairing the value of the property or the interest of Ann Cherry or Laura Cherry therein. The burden of the proof in a case of this kind is clearly upon the ones asking a sale of the property as a whole, to show that a division of it cannot be had without materially impairing its value, or the value of his or their interests.

The plaintiffs, Ann Cherry and Laura Cherry, submit the testimony of fifteen witnesses, in addition to the testimony of Ann Cherry, thirteen of which witnesses state that it is their opinion that the land cannot be divided so as to allot to John W. Cherry his interest in it without materially impairing its value, and the value of the interests of Ann Cherry and Laura Cherry, but no one of these witnesses gives any sufficient reasons upon which he bases his opinion that a division of the land would have the effect that he insists upon. The chief and only reason which they give is, that some portions of the land are more fertile than other portions of it, but this should not be any obstacle to competent commissioners in dividing the land, or allotting to each one his share in value. While John W. Cherry, in addition to himself, submits the evidence of seven witnesses, each of whom testifies that in his opinion the land could be divided by allotting to John W. Cherry his interest in value in it without impairing the value of the tract or the interest of either Ann Cherry or Laura Cherry in it. The proof also shows that the farm is situated alongside of a public highway, which runs alongside of one side of it for about one mile or more.

Taking all of the evidence into consideration, it seems that Ann Cherry and Laura Cherry have failed to demonstrate by proof that a division of this tract of land would result in any material impairment of the value of

the tract as a whole, or of the interest of either of them in it.

Ann Cherry and Laura Cherry being sureties of John W. Cherry upon his note, as is alleged in the petition, and not denied, they had a right to maintain an action against him to require payment of the note, and, as same was a lien upon the land, to require Seymour Smith to enforce the lien, and to have John Cherry's interest in the land subjected to the payment of the note, before their interest in the land should be subjected to its payment.

It is, therefore, adjudged that the judgment in this case be reversed, both upon the original and cross-appeal, and that it be remanded, with directions to the court below to render a judgment that the interest of John W. Cherry be allotted to him in said land, and that commissioners be appointed for that purpose. The court should also adjudge that the owner of the balance of the unpaid purchase money note has a lien upon all of the shares in the land to secure the payment of said note, but that the portion allotted to John W. Cherry is primarily liable for it, and the interest of Ann Cherry and Laura Cherry can only be subjected to the payment of the portion, if any, remaining unpaid after the portion in the land of John W. Cherry is exhausted. The owner of said note should be required by proper proceedings to either release Ann Cherry and Laura Cherry, and the lien upon their shares, in the land from the payment of said note, or else proceed forthwith to enforce the collection of the note. After the allotment to John W. Cherry of his one-third in value of the land, the court should then decree the sale of the remaining shares, or a division of same between appellants as the owners may still desire.