# Corbin et al. v. Corbin.

Dec. 10, 1943.

W. C. Hamilton for appellants.

John A. Richards for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In the case of Corbin v. Manley, 291 Ky. 289, 164 S. W. (2d) 394, it was held by us that the 51-acre tract of land, as the subject matter of litigation, was owned by the parties to this appeal as therein determined, i. e., that the appellee, Clara Hardin Corbin, owned a one-

half undivided interest in the tract and the four appellants owned jointly the other one-half undivided interest therein. Upon the filing in the trial court of the mandate in this court, appellants filed an amended petition asking for a division of the land into two parts, quantity and value considered, and that one part be allotted to them jointly and the other one to the appellee, to which appellee at that time expressly consented in a pleading filed by her. The court entered judgment to that effect and appointed commissioners to make the division. They went upon the land and later filed their report in which they said: "We determined and it is our judgment that said land cannot be divided as directed in said order among the joint owners thereof in the proportion of a one-half thereof to the said Mrs. Clara Hardin Corbin and a half thereof to the same Francis Corbin, Zack Corbin, Thomas Corbin, Estelle Smith and Elsie Webb, without materially impairing its value and the value of the interests of the joint owners therein and it is our judgment and opinion that said land should be directed to be sold as a whole."

It was filed on February 24, 1943, followed by exceptions by appellant filed on the following day. The following third day of March of the same year the exceptions were traversed of record by an order of court which was made by agreement of parties. On the same day that the traverse order was made appellee entered motion that the report of the commissioners be approved and confirmed which motion was sustained on the next day, March 4, and the court in that same order (but without expressly setting aside its former one that the land be divided in kind) ordered and directed that the land be sold by the Master Commissioner of the court and the proceeds divided among the respective owners according to their shares, from which latter order appellants prosecute this appeal.

It is first argued by appellants that the court lost jurisdiction of the cause upon the adjournment of the term of court at which the order for a division was made, and that the subsequent order directing a sale of the property was unauthorized and void, even if the latter order had expressly set aside the former one, instead of accomplishing that result by implication in the making of the contradictory reversing order. But in the case of Salyer v. Arnett, 23 Ky. Law Rep. 321, 62 S. W. 1031, we held that such an order was not a final one de-

priving the court of jurisdiction to later set it aside and enter another reversing the first one. Later cases followed that holding and because of which, this objection cannot be sustained.

A more serious objection to the judgment appealed from is that the court heard no evidence in support of the report of the commissioners and based its judgment entirely on that report without hearing any proof in contradiction thereof, although the report was controverted. The commissioners were not appointed to determine whether or not the land was susceptible of division in kind, but only for the purpose of carrying out the order of the court to make the division which the court had adjudged could be made. It does not appear that the commissioners testified on the hearing of the exceptions to their report to sustain it nor was there other proof sustaining the indivisibility of the land as the court had ordered nor was any other witness introduced for the same purpose. The law favors a division of real estate in kind and will so order if it is possible to make it without material impairment or injury of or to the rights of the owners. Shelby v. Shelby, 192 Ky. 304, 233 S. W. 726; Owings v. Talbott, 262 Ky. 550, 90 S. W. (2d) 723; Whitfort v. Barron, 291 Ky. 712, 165 S. W. (2d) 545, and other cases cited in those opinions. It is also the rule that the burden is on the one advocating a sale to prove that a division in kind could not be made without impairing the interests of the parties.

Beginning with Conner v. Cox, 15 Ky. Law Rep. 140, 22 S. W. 605, and extending to and including the Whitfort case supra, it was held by us that if the interest of one of the joint owners could be allotted to him without impairing the interests of the others the allotment to him of his share should be ordered rather than to sell the whole tract and adjudge to him his proportion of the proceeds although the remaining portion of the tract after such allotment to one of the parties might not be equitably divisible in kind as between its joint owners. One of the intervening cases so holding is Cherry et al. v. Cherry et al., 162 Ky. 245, 172 S. W. 505, and it was later approved in the Whitfort case supra. They all followed the express provisions of sub-section 7 of section 494 of our Civil Code of Practice.

Therefore, the parties hereto are entitled to a division of the 51-acre tract of land into two parts, quantity,

quality and value considered, if it may be done without injury or impairment of the interest of each one, and as we have seen, such a division may be made with reference to one of the joint owners if it may be done without impairment of the interests of those to whom other parts are allotted jointly, although such a division in kind might not be equitably made as between the owners of their joint interests in the portion allotted to them collectively. Therefore, if appellee could receive her portion without impairing the joint interests of the other one-half interest, the division should be so made.

Appellants, as we have seen, are not only willing to accept their half allotment to them as joint owners, but insist that it be done, and appellee, as we also have seen, first advocated a division in kind but later consented for the land to be sold as a whole against the opposition of appellants. The record contains no evidence as to value of the improvements on the land; and the case as presented here, and, as the record discloses, was the same as presented to the trial court, contained no proof as to the value of such improvements which would affect the question of the indivisibility of the entire tract into two parts according to quantity and value. If it should turn out that the dwelling house on the land and its appurtenant buildings were more than the value of the entire tract, with no improvements upon it, then a sale might appropriately be ordered. But in the absence of such proof—other than the report of the commissioners which stated no facts affecting the question— the order of sale should not be made and the court erred in so holding.

Wherefore, the judgment is reversed, with directions to set it aside with the right of each party to introduce proof upon the issue of divisibility according to the rule applicable thereto, to be followed by the entry of a judgment based upon such proof, and for other proceedings consistent with this opinion.