## Corbin et al. v. Corbin.

### Nov. 16, 1945.

G. C. Ewing for appellants.

J. A. Richards for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the third time we have been host to this case. A report of how we entertained the first visit is contained in Corbin v. Manley, 291 Ky. 289, 164 S. W. 2d 394, and the same information with reference to the second visit is reported in 296 Ky. 276, 176 S. W. 2d 691. Our two former opinions disclose the subject matter of the litigation and the relief sought by the parties which was and is, the division of a small tract of land in Bath County, Kentucky, supposed to contain "51 acres, more or less," but the boundaries of which are definitely set out in the pleadings and in the judgments of the trial court, including, of course, the last one from which this appeal is prosecuted.

Upon the filing of the mandate issued pursuant to

our opinion as reported in 296 Ky. 276, 176 S. W. 2d 691, the Commissioners appointed by the court to make the division (they being Lee Ledford, Boone Razor and J. A. Arnett) went upon the land in company with two of the defendants who were brothers of the other two joint owners of an undivided one-half interest in the entire tract. The crowd as thus composed viewed the entire boundary, as well as the entire surface and topography of the tract, after which the Commissioners concluded that a straight line, beginning at a cherry tree in one boundary line and running straight to a point in the opposite line would divide the entire tract into two equal parcels, quantity, quality and value considered, which were the directions to them given by the court in its judgment ordering the division. While the parties were upon the tract and making a mental survey of it, the two defendants who were present requested that they and their two sisters be allotted jointly the South or lower end of the tract; and that plaintiff (appellee), who owned the other one-half interest in the entire tract, be allotted the Northern portion thereof, which was done.

All of the Commissioners, according to the bill of exceptions prepared by the court, testified that they were made aware before they ran the division line, as indicated, that there were more acres in the entire tract than the 51 acres, as theretofore supposed. Nevertheless they concluded to stand by the partition line they had made and later reported to the Court, though Commissioner Arnett stated in his testimony that he was under the impression that any excess above 51 acres would be equally divided between appellee and appellants which in this case was 7.875 acres, one-half of which would be 3.9375 acres. The Commissioners' report signed by all three of them, therefore, allotted to appellee 34.875 acres and to appellants 23 acres. The latter filed exceptions to the report contending that they were entitled to be allotted their half of the excess above 51 acres, or 3.9375 acres more than was allotted to them by the Commissioners. The Court heard proof on the exceptions and overruled them followed by confirming the Commissioners' report as made by them, to reverse which appellants prosecute this appeal.

The testimony of two of the Commissioners, as contained in the bill of evidence prepared by the court,

was that they were well acquainted with the tract they were dividing and "that at the time of making said division and allotment it was definitely understood by us that a new survey would show an increased acreage and said allotment and division was agreed upon in the light of and with the knowledge that a new survey would reveal an increased acreage," and that the dividing line as reported by them was an equal division of the entire boundary considering quantity, quality and value. They furthermore testified that it was "further agreed and understood between us (the Commissioners) that such excess acreage would go with the upper end of said farm and that said lower end was of equal value to said upper end due to its superior quality" (Our parenthesis).

The same two Commissioners testified: "that the upper portion of said farm allotted to the plaintiff consisted of steep hilly land suitable mainly for grazing purposes only and covered with growth of briars, bushes and weeds with outcroppings of rock and ledge; that the lower portion of said farm awarded to the defendants consists of slightly rolling land and suitable for the most part for the cultivation and growing of tobacco and other crops as well as grazing, * * *."

They also testified that the portion allotted to appellants was well supplied with stock water. The other Commissioner testified to practically the same, except as hereinbefore stated, he added that he was under the impression that the excess above 51 acres would be equally divided between appellee as joint one-half owner, and the appellants as sole owner of the other undivided half. Upon the evidence as so heard by the court there was but little room for any conclusion other than that the division was fairly and correctly made, and that the exceptions thereto were without merit.

It will be observed that the Commissioners' task was to divide—according to the description given in the judgment—a described tract of land which was referred to, as hereinbefore stated, as containing "51 acres, more or less." The doubtful quantity was no part of the description of the tract and was so recognized by the Commissioners. It was the described area that they divided and the portion allotted to each of the title-holders was afterward surveyed and found to contain the area hereinbefore stated. We have cited no adjudged case involv-

ing the same or similar facts, because neither we, nor counsel, were able to find any, which is most convincing that the simplicity of the litigated question kept it out of court. We find no error prejudicial or otherwise in the record.

The judgment is affirmed.