NEWSOM v. JOHNSON et al.

Court of Appeals of Kentucky.

Feb. 13, 1953.

34

Farley & Farley and L. Clyde Farley, Pikeville, for appellant.

E. J. Picklesimer, Pikeville, for appellee.

SIMS, Chief Justice.

Henry Newsom died intestate in 1917 the owner of a mountain farm of 150 acres in Pike County. He was survived by a widow and twelve children, two by his first wife and ten by his widow. The widow died before this action was instituted, as did one of his sons, Thomas Newsom, who died in 1919, intestate, single and without issue and while under 21 years of age. Several of the heirs sold their undivided interest in this farm to other heirs.

In 1950 Sarah Newson Johnson and her husband, Lawrence, who claim to own jointly $^{44}\!/_{240}$ undivided interests in the farm and Sarah Newsom Hopkins, who claimed to own $^{24}\!/_{240}$ interest therein, sued the other joint owners, including appellant, under § 499 of the Civil Code of Practice, averring that the land was susceptible of partition and asking that it be divided among the heirs according to their respective interests. By an amended petition filed in September 1950, it was averred that two of the defendants, James and Betty Jo Martin, were infants with no guardian, curator or committee residing in this State, and Hon. Francis L. Rice, a regularly practicing attorney of the Pikeville bar, was appointed guardian ad litem for the infants. His answer, after calling attention to the fact that two heirs, Charlie Newsom and Minnie Newsom Ray, each owning an undivided $^{1}\!/_{240}$ interest in the land, had not been made parties defendant asked that the allotment to the two infants be set apart to them adjoining the land which might be allotted to their mother. A second amended petition was filed making Charlie Newsom and Minnie Newsom Ray parties defendant. Summons was issued against these two new defendants but was served only on Charlie, and Mrs. Ray was never brought before the court.

This second amended petition, without averring that the farm could not be divided among the joint owners, asked in the prayer that the land be sold and the proceeds divided if same could not be partitioned. No proof was taken, but on the sixth day of the October 1951 term, the chancellor ordered a sale and distribution of the proceeds of the respective joint owners, the judgment setting out the name of each joint owner and the fractional part of the proceeds each was to receive. The case was continued on the docket for the purpose of carrying out the provisions of this judgment.

On the morning of the day the commissioner was to sell the land, November 12, 1951, appellant, one of the joint owners, filed his motion to have the court set aside the order of sale because no proof was taken as to the divisibility of the land, and because he had a deed to all the land except that owned by the "two remote heirs whose claims have never been rightly established or proven, if they in fact have any rightful claim, which he denies." Appellant's motion further states the judgment of sale took him by surprise as the original and the amended petitions asked for a partition and not a sale of the land. In support of this motion appellant filed on November 16, 1951, a deed executed to him in April 1945, by the three plaintiffs wherein they conveyed to him their undivided interests in this land.

The record shows the master commissioner's report of sale was filed on the sixth day of the November term, which was November 17, 1951. No exceptions were filed and the report was confirmed on the twelfth day of the term, November 24. Deed was executed by the master commissioner to the purchaser, which was examined and approved by the judge on the thirteenth day of the term, November 26. On the fourteenth day of the term, November 27, appellant filed a paper captioned "exceptions to sale and to order confirming sale", which without setting out any grounds, merely stated appellant "excepts to the commissioner's report of sale, and the order confirming same". The chancellor overruled these "exceptions".

Although this was an equity action in which no proof was taken, orally or otherwise, appellant on December 1, 1951, filed a paper captioned "bill of exceptions", which was not tendered to or approved by the judge. It somewhat resembles a motion for a new trial, setting out the alleged errors committed by the chancellor and ends with a prayer for an appeal to this court.

Since this particular order of sale directed a disbursement of the proceeds, after the payment of costs, definitely to each joint owner according to the fractional undivided interest each had in the land, we are of the opinion it is a final order. Bates v. Hanks, 262 Ky. 556, 90 S.W.2d 743; Warfield Natural Gas Co. v. Cassady, 266 Ky. 217, 98 S.W.2d 495; Nolan's Ex'rs v. Nolan, 220 Ky. 613, 295 S.W. 893. As this final order had been rendered at a previous term, the chancellor had lost control over it and was without authority to set same aside. McCormack v. Moore, 273 Ky. 724, 117 S.W.2d 952, at page 957, and the authorities there cited. The chancellor did not err in refusing to set aside the order of sale, but this appeal could be, and is, properly prosecuted therefrom, as is shown in the statement of appeal.

After this final order the chancellor should not have allowed appellant to file answer, nor the deed under which he claimed the three plaintiffs had conveyed him all their interests in the land. The chancellor correctly overruled the so-called exceptions to the report of sale, because in the first place they were filed after the sale had been confirmed, and in the second place, they stated no grounds for setting the sale aside.

The original petition averred that the land was susceptible of partition. The amended petition merely named additional defendants and did not contain a single averment that the land could not be partitioned, although the prayer asked for a sale and distribution of the proceeds "if the court is of the opinion that the land cannot be partitioned". Without hearing a line of proof, the chancellor ordered a sale and a division of the proceeds when the pleadings averred the land was susceptible of partition and asked that it be divided. We agree with appellant that this judgment is erroneous. It was prejudicial to appellant as he had no objection to the partition of the land as sought in the pleadings and he had a right to rely upon the chancellor giving such relief as the averments of the pleadings justified. True, we said in Cunningham v. Grey, 271 Ky. 84, 111 S.W.2d 579, that in a suit for partition where issue was joined as to whether it was proper to partition the land or order a sale, the court correctly adjudged the land should be sold rather than partitioned. But it is a far cry from that case to the instant one. Here, the only pleadings filed asked for a

partition. No proof was taken and one of the joint owners was not before the court. Clearly the chancellor erred in ordering a sale in this instance.

We think the judgment should be reversed. If appellees desire to amend their petition and set up facts which they may think entitle them to have the land sold, they should be permitted to do so. Likewise, appellant should be allowed to answer and ask that the land be partitioned. On the issue joined, proof should be taken. Should appellant so desire, he should be permitted to file a special demurrer to any amendment filed by plaintiffs since he contends they have conveyed to him their interest in this land. All parties should be brought before the court. As this record is rather confusing, we suggest that it might be well if the parties started anew by filing substituted pleadings so that the issue might clearly and succinctly be drawn.

The fact that some of the defendants own a very small fraction of this land, as low as $\frac{1}{240}$, does not of itself prevent a partition to appellant of his interest, which he contends amounts to about $\frac{5}{8}$. The law favors partition rather than a sale and the division of procceds where no substantial injustice will result. Civil Code of Practice § 494(7); Tuggle v. Davis, 292 Ky. 27, 165 S.W.2d 844, 143 A.L.R. 1087. Since Conner v. Cox, 22 S.W. 605, 15 Ky.Law Rep. 140, down through Corbin v. Corbin, 296 Ky. 276, 176 S.W.2d 691, we have held that where one joint owner's interest could be allotted to him without impairing the value of other joint interests, partition should be made to him and the remainder sold for division of proceeds among numerous joint owners with small interests. In the Conner case, his interest was only an undivided $\frac{1}{27}$ of a 65 acre farm, and under the peculiar facts of that case, we held that should be allotted to him. In Owings v. Talbott, 262 Ky. 550, 90 S.W.2d 723, it was held that partition should be made of a $\frac{1}{3}$ interest in 60 acres and that the remaining $\frac{2}{3}$ owned by 16 persons, with some as small as a $\frac{1}{77}$th interest, should be sold for a division of proceeds. Compare Whitefort v. Barron, 291 Ky. 712, 165 S.W.2d 545, in which we approved a partition where one party owned a $\frac{9}{10}$ interest in a 365 acre farm and the remaining $\frac{1}{10}$ was sold for a division of proceeds among persons, some of whom had as little as $\frac{1}{200}$th interest in the whole.

The judgment is reversed for proceedings consistent with this opinion.