**Harlan MULLINS et al., Appellants,**

v.

**Charlie NEWMAN, Appellee.**

Court of Appeals of Kentucky.

June 1, 1956.

Joe Hobson, Prestonsburg, for appellants.

Tackett & Tackett, W. W. Burchett, Prestonsburg, for appellee.

STANLEY, Commissioner.

Upon a finding that a parcel of 1½ acres of land could not be partitioned without impairing its vendible value, the court adjudged that it be sold and proceeds divided among the joint owners. Upon issues collateral to that of partition, the court found that the value of the use of a dwelling house and curtilage by Tillman Mullins, the owner of the major interest, equaled in value the amount he had expended in constructing the house and outbuildings and dismissed the respective claims therefor. Tillman Mullins and his father, Harlan Mullins, who has a certain life interest, and his brother, Frank Mullins, appeal from the judgment and contend that the property may and should be partitioned.

In 1940 Harlan Mullins and his wife, Martha, acquired title to the property in equal shares. When Tillman married in 1945 he built a house on it with the consent of his father and mother. The father testified that they both told Tillman they would either deed the house to him or pay him the money he spent on it. His mother died not long afterward without doing so. Within a month following her death, in January, 1948, the father conveyed all his interest in the property to Tillman with a reservation of the right to control it during his lifetime. The mother's half interest in the property, subject to curtesy, descended

in six shares to her children and a deceased daughter's children. Charlie Newman, Mrs. Mullins' son by a former marriage, had, by inheritance and purchase of other interests, become the owner of ¹¹⁄₄₈ of the whole property in 1952. He brought this suit for a sale and division of the proceeds against his half-brother, Tillman Mullins, who owns a ²⁸⁄₄₈ interest. The other ⁹⁄₄₈ interest, subject to the curtesy of Harlan Mullins in the half that had belonged to his deceased wife, is owned by other children of Mrs. Mullins.

The parcel is rocky, in part covered by water, and, as the court found, is not suitable for agricultural purposes but is adaptable only for building purposes, and the only value it has is because of its proximity to the mining plant of the Inland Steel Company. The property, including all improvements, is worth about $3,000. The court at first found that there is sufficient land to permit the partition and allotment of ⁷⁄₁₂ interest to Tillman Mullins as his entire interest without affecting the market value of the remainder of the property. The court found the remaining ⁵⁄₁₂ could not be so partitioned. Judgment was entered in accordance with the finding and commissioners appointed with directions to so partition the property and to sell the remainder (equivalent to ⁵⁄₁₂) for division of the proceeds among Charlie Newman and other heirs of Mrs. Mullins. This judgment was carried out and Newman became the purchaser. Objections to the report were overruled after hearing evidence, and the Master Commissioner made deeds, which were approved by the court and ordered to record.

It appears that Harlan Mullins (the father and step-father of the other parties) lived in a house through which runs the boundary line between this property and property of the C. & O. Railway Company, most of it being on the railroad company's land. Harlan resisted eviction on the ground that he had rented the house from the railroad company. Newman had a contempt rule issued against him. It appears that in order to settle this controversy, upon agreement of the parties, the judgment and

subsequent proceedings, including the deeds, were set aside. Further pleadings were filed. Harlan and Tillman jointly asked that Tillman be allotted the house he had built and that Harlan have curtesy in the remaining part of the land. These subsequent pleadings seem, in effect, to confirm the previous claims and to seek certain alternative relief and rights, should sale be ordered. The questions of rents chargeable against Tillman and his right to recover the cost of the improvements were also brought into the case. The court then made another finding of fact with conclusions of law and entered the judgment appealed from ordering a sale of the whole parcel. The judgment gave Harlan money based upon his life expectancy.

Whether this expensive and apparently bitter family litigation might not have been avoided and an amicable adjustment made by conciliatory attitudes is a question for the moralist and not for the courts in settling the legal rights of the parties. In such settling we may note that the law favors partition rather than sale and that division should be adjudged where practicable and not unjust. It has long been the rule that if the interest of one joint owner—especially of a major fractional share—may be set apart to him without impairing the interest of the others, that should be done; and if the rest of the parcel may not be equitably divisible in kind among the other joint owners, to order its sale. Whitfort v. Barron, 291 Ky. 712, 165 S.W.2d 545; Corbin v. Corbin, 296 Ky. 276, 176 S.W.2d 691. Such was the first judgment entered in the instant case.

In the present case we have the unusual fact that under an order of court this property was partitioned and that partition was approved by the court. What better proof could there be that the property is divisible? Some of the parties seem to have lost sight of the fact that Tillman built his house and improvements under an agreement with his father and mother before his half-brother and others ever acquired any interest whatever in the land. This would seem to affect the question of

the respective claims of rents and recoupment for improvements. Of interest in relation to the consideration of questions of occupancy, use, rents and improvements are Hixon v. Bridges, 38 S.W. 1046, 18 Ky.Law Rep. 1068; Vermillion v. Nickell, Ky., 114 S.W. 270; Larmon v. Larmon, 173 Ky. 477, 191 S.W. 110; Preston v. Preston's Adm'x, 245 Ky. 552, 53 S.W.2d 957.

On the whole case we have reached the conclusion that the first judgment directing partition was right and proper and that the judgment ordering a sale of the entire parcel is erroneous. Wherefore, the judgment is reversed with directions to reinstate the first judgment with such modifications as subsequent developments may justify.

Judgment reversed.