Ella STEPHENS et al., Appellants,

v.

Alonzo BRUCE et al., Appellees.

Court of Appeals of Kentucky.

Dec. 8, 1967.

G. W. Stephens, Whitley City, for appellants.

R. Lee Brown, Williamsburg, Ruben G. Hicks, Whitley City, for appellees.

WILLIAMS, Chief Justice.

This is an appeal from a judgment of the McCreary Circuit Court directing that a portion of a tract of land be partitioned to one set of heirs and the remaining land be sold and the proceeds divided among the other heirs according to their respective interests.

The parties hereto are heirs of W. H. Gilreath and Ella Gilreath, both of whom died intestate sometime prior to October 14, 1947, leaving the 24-acre tract of land under consideration. On the above date most of the heirs executed a deed to the property in favor of a sister, Anna Ivey, for the consideration that Anna keep and maintain two incompetent brothers for the rest of their lives.

Anna lived on the property and kept the brothers until the old home place burned in 1952. Being unable to rebuild, she put her charges in the care of her sister, Sula Bruce. Later that year Anna executed a deed purporting to convey a fee simple title to Sula and Alonzo Bruce. No provision

for the care of the incompetent brothers existed in that deed. The Bruces, also Gilreath heirs, built a new home on the land and cared for the charges until 1957, at which time they claimed the charges became unmanageable, necessitating turning them over to the county authorities.

Appellants filed an action in the McCreary Circuit Court alleging the land could not be divided without materially impairing its value, and seeking a sale and distribution of the proceeds. Appellees countered by alleging they were the owners of the land by virtue of the 1952 deed from Anna Ivey, or in the alternative that the land was divisible and that portion on which they erected improvements should be partitioned to them. The circuit court found that, because of the partial failure of consideration in the deed from the Gilreath heirs to Anna Ivey, the effect of Anna's 1952 deed to Alonzo and Sula Bruce was a conveyance of her undivided interest only; that the parties to the suit were co-owners, and the appellees in good faith erected the improvements on the property. It was further found that the property could not be divided without materially impairing its value; that appellees should have partitioned to them the land upon which the improvements were erected and one acre around the improvements; and that the remaining 23 acres be sold and the proceeds divided among the other heirs.

The circuit court apparently employed the most equitable solution available under the circumstances. The parties could not have been restored to their former positions; hence the court properly refused to cancel the deed. Sanders v. Needy, Ky., 363 S.W.2d 114 (1962). The finding that the Bruces as co-owners with the other heirs did in good faith erect the improvements was amply supported by the record. The other owners sat by and made no objection to the improvements placed on the property and they are now estopped from making any complaint. Stepp v. Leslie, Ky., 263 S.W.2d 122 (1953).

In Newsome v. Johnson, Ky., 255 S.W.2d 33 (1953), we said:

"* * * Since Conner v. Cox, 22 S.W. 605, 15 Ky.Law Rep. 140, down through Corbin v. Corbin, 296 Ky. 276, 176 S.W. 2d 691, we have held that where one joint owner's interest could be allotted to him without impairing the value of other joint interests, partition should be made to him and the remainder sold for division of proceeds among numerous joint owners with small interests. * * *"

The judgment of the circuit court conforms precisely with this principle and is proper.

The judgment is affirmed.

All concur.