RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0581-MR

TIMOTHY LEE FIFIELD; DAWN
FIFIELD; AND RED BRICK
STATION, LLC                                                      APPELLANTS

v.
APPEAL FROM MADISON CIRCUIT COURT
HONORABLE COLE ADAMS MAIER, JUDGE
ACTION NO. 21-CI-00366

DONALD FRITZ DBA LP LIQUOR                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, ECKERLE, AND GOODWINE, JUDGES.

CETRULO, JUDGE: Appellants Timothy Lee Fifield, Dawn Fifield, and Red

Brick Station, LLC (together, "Buyer") appeal the Madison Circuit Court order

granting the motion for partial summary judgment of Appellee Donald Fritz, d/b/a

LP Liquor ("Lessee").

## FACTS AND PROCEDURAL HISTORY

On May 27, 2021, Buyer purchased real property located at 703 East Irvine Street, Richmond, Kentucky (the "Property") from M&J Liquors, Inc. ("Seller"). Before the purchase, Buyer became aware of an unrecorded lease on the Property, entered June 26, 2019, between Seller and Lessee ("2019 Lease"). The 2019 Lease ran from July 2019 through July 2024 and provided the option for Lessee to renew the lease for an additional five-year term starting in July 2024. Additionally, the agreement provided Lessee the right of first refusal and option to purchase the Property at the same price as any other party purchasing the Property. Despite all parties knowing about the 2019 Lease, Seller signed a general warranty deed to Buyer, as well as an "Owner's/Sellers' Affidavit, Correction and Indemnity" agreement stating that there were no unrecorded leases on the Property.

Following the sale, on July 15, 2021, Buyer served all occupants of the Property, including Lessee, with a 30-day vacate notice. The next month, Lessee filed a complaint in Madison Circuit Court against Buyer, stating claims for a declaration of rights, slander of title, trespass, and intentional interference with use and enjoyment of property. Buyer filed a motion to dismiss the action, claiming Lessee did not have standing to bring the claim because the controlling lease on the property was one entered between Seller and Lessee in October 2017 –

ending October 2022.[1]  Although that lease was also between Seller and LP Liquor, it was signed by Brittany Brandenburg, not Donald Fritz ("2017 Lease"). In response, Lessee noted that Buyer had submitted the 2019 Lease as the applicable lease in the forcible detainer actions.

The circuit court denied Buyer's motion to dismiss.  The Buyer then filed an answer to Lessee's complaint, alleging that the 2019 Lease violated the terms of the 2017 Lease.  Buyer admitted that Seller had told Buyer that the 2019 Lease was a valid lease, and Seller had not disclosed the 2017 Lease to him. Lessee filed a motion for partial summary judgment, seeking to enforce his right of first refusal and option to purchase contained in the 2019 Lease.  Lessee explained that there were no issues of material fact regarding the existence of the contractual rights, the price Buyer had paid for the Property, nor that Buyer had actual notice of the 2019 Lease and the contractual rights contained therein prior to the purchase.

The next month, Buyer filed a response to Lessee's motion for partial summary judgment and filed his own motion for partial summary judgment, citing the same arguments he espoused in his answer to the complaint.  Lessee's reply

---

[1] During that time, Buyer also filed a forcible detainer action against Lessee in Madison District Court, claiming that Lessee violated provisions of the 2019 Lease.  At that trial, the jury returned a verdict of not guilty, finding that Lessee had complied with his duties under the 2019 Lease. Buyer then filed another forcible detainer action against Lessee, alleging again that Lessee had violated multiple requirements of the 2019 Lease.  The Madison District Court dismissed that action in February 2022.

stated that Brittany Brandenburg had testified at the forcible detainer trial that she made no further claims to the leasehold on the Property and Buyer had dismissed her from the first detainer action. Further, Buyer did not name Brittany Brandenburg in the second detainer action. Lessee also noted that the jury in the first detainer action found Lessee had not violated the 2019 Lease, and in order to make such determination, the jury had to determine the 2019 Lease was valid.

The circuit court heard the matter in April 2022. At the hearing, Lessee briefly explained the motion for partial summary judgment, and Buyer responded. The circuit court granted the motion. The order stated that the court reviewed the facts in a light most favorable to Buyer and found that Buyer had purchased the Property subject to the 2019 Lease. The circuit court noted that Buyer had admitted to actual knowledge of the 2019 Lease containing Lessee's right of first refusal and purchase option. The court explained that in *Mortgage Electronic Registration Systems, Inc. v. Roberts*, 366 S.W.3d 405, 408 (Ky. 2012), the Kentucky Supreme Court held that "prior interest in real property takes priority over a subsequent interest that was taken *with notice*, actual or constructive, of the prior interest." (Emphasis added.)

Further, the court noted that the highest court in Kentucky had, on multiple occasions, held that actual knowledge of unrecorded instruments at the time of acceptance of a deed will defeat the priority of the subsequent purchaser.

*See Cornett v. Maddin*, 126 S.W.2d 871 (Ky. 1939); *Perry v. Trimble*, 76 S.W. 343 (Ky. 1903); and *Cox v. Guaranty Bank & Tr. Co.*, 250 S.W. 804 (Ky. 1923).

The court found that Buyer failed to take any action to notify Lessee of the pending purchase or confirm that Lessee did not wish to exercise his rights under the 2019 Lease. While Buyer testified that he did not believe he was required to make such inquiry, Kentucky precedent clearly required it. The court cited *Gates v. Shannon*, 255 S.W. 79, 80 (Ky. 1923), which held that "it was the duty of appellant, [purchaser], upon learning of appellee's lease, to have inquired of him as to its terms and extent. This would have disclosed the option; such information was sufficient to constitute constructive notice." The circuit court concluded that Buyer had actual notice of Lessee's right of first refusal and option to purchase the Property and, as a matter of law, there were no genuine issues of material fact.

The court directed the master commissioner to issue a deed for the Property to Lessee upon payment of the purchase price. Upon receipt of the purchase price, the funds were to be distributed to Buyer. Buyer filed a Kentucky Rule of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate the partial summary judgment. The court denied Buyer's motion. Buyer appealed, repeating his earlier arguments that the circuit court failed to determine whether the Lessee had a valid lease; that the purported lease was not recorded under Kentucky

Revised Statute ("KRS") 382.110; that Buyer did not have privity of contract with Lessee; and that Seller conveyed the Property to Buyer by a general warranty deed and had signed an affidavit, correction, and indemnity agreement.

## STANDARD OF REVIEW

First, there is no appeal from a denial of a CR 59.05 motion. *Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019). The denial of such motion does not alter the judgment; therefore, the appeal is actually from the underlying judgment. *Id.* Our review is limited to the circuit court's finding that there were no issues of material fact as to Lessee's right of first refusal and option to purchase.[2] *See id.*

This Court reviews a trial judge's decision to grant a motion for summary judgment to determine "whether the record, when examined in its entirety, shows there is 'no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (quoting CR 56.03). In so determining, "[t]he trial judge must view the evidence in a light most favorable to the nonmoving party, resolving all doubts in its favor." *Id.* (citing *Spencer v. Est. of Spencer*, 313 S.W.3d 534, 537 (Ky. 2010)). This Court generally reviews grants of summary

---

[2] Although the order was a partial summary judgment, a motion panel of this Court determined it was final and appealable pursuant to *Security Federal Savings & Loan Association of Mayfield v. Nesler*, 697 S.W.2d 136, 138 (Ky. 1985) (citing *Newsom v. Johnson*, 255 S.W.2d 33 (Ky. 1953)) ("An order of sale which directs a disbursement of the proceeds after payment of costs definitely is a final and appealable order.").

judgment without deference to the trial court's "assessment of the record or its legal conclusions" because summary judgment does not require findings of fact and requires "only an examination of the record to determine whether material issues of fact exist[.]" *Id.* (citations omitted).

## ANALYSIS

First, this Court deems it necessary to remind Buyer's counsel that the Rules of Appellate Procedure ("RAP") mandate that the appellant's brief contain "[*a*]*n argument* conforming to the statement of points and authorities, with ample references to the specific location in the record and *citations of authority pertinent to each issue of law* and which shall contain at the beginning of the argument *a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner*." RAP 32(A)(4) (emphasis added).

While Buyer's brief contains a section titled "Argument and Law of the Case[,]" this Court is hard-pressed to find either in the paragraphs that follow. Each "argument" simply contains statements referring to things that Buyer perceives the circuit court did or did not do. There are no actual arguments supporting such statements nor any recitations that clearly pertain to the circuit court's determinations. Additionally, the subsections do not each contain statements of authority, nor are there any references to where, or whether, Buyer

-7-

properly preserved the "arguments" for review. While we will not exercise our discretion to strike Buyer's brief for failure to substantially comply with the RAP requirements – RAP 31(H)(1) – we do urge Buyer to take greater care in the future.

Buyer first states that the circuit court failed to determine which of the two leases was controlling. Buyer simply asserts that both leases could not have been valid at the same time. Buyer cites no authority nor explains the significance of such statements. Nevertheless, the circuit court's order granting partial summary judgment determined that Buyer had purchased the Property subject to the 2019 Lease. The record contained ample evidence that the 2019 Lease was valid and that Buyer had actual notice of it.

Buyer had presented the 2019 Lease in the district court detainer actions, and the jury had determined that Lessee had properly met his obligations under that lease. Further, all parties agreed that the signer of the 2017 Lease denied any claim to the Property or any remaining obligations under the 2017 Lease. In fact, Buyer had dismissed the signer of the 2017 Lease from the first forcible detainer action and did not list her as a party in the second detainer action. Additionally, Buyer brought the detainer actions against Lessee under the 2019 Lease. In those actions, Buyer testified that he had actual notice of the 2019 Lease

and that he knew it contained a right of first refusal and option to purchase.[3]  The circuit court clearly determined the 2019 Lease was valid.

Next, Buyer attempts to claim that Seller had not recorded the 2019 Lease under KRS 382.110; therefore, it could not have been an incumbrance that ran with the land, even if Buyer had actual notice of the lease.  Lessee argues, however, that Buyer's argument fails to consider the plain language of the statute.  We agree.  KRS 382.110(1) states that "[a]ll deeds, mortgages and other instruments required by law to be recorded to be effectual against purchasers without notice, or creditors, shall be recorded in the county clerk's office of the county in which the property conveyed, or the greater part thereof, is located."  The provision in no way provides that the leases require recordation in order to run with the land.  The statute simply provides that instruments should be recorded in the appropriate county clerk's office.

As discussed, the record clearly details Buyer's actual knowledge of the 2019 Lease.  As the circuit court explained, our precedent provides that even where an instrument was not recorded, if the buyer had actual notice of the instrument, that would defeat the priority of the subsequent purchaser.  *Mortg.*

---

[3] In the district court action, counsel asked Buyer, "[s]o to be clear so the jury and I understand this, before you took the deed to the [P]roperty to your and your wife's name, [the Seller] open and obviously gave you [Lessee's] lease to the property and you were aware of it before you took the deed?"  The Buyer answered, "Correct."

*Elec. Registration Sys.*, 366 S.W.3d at 407-08. KRS 382.110 provides no further guidance on that issue, and the record indicates that there is no genuine issue of material fact as to whether Buyer had actual notice of the 2019 Lease.

Third, Buyer argues that it did not have privity of contract with Lessee and could not have had same until after the Buyer purchased the Property. Therefore, Buyer argues, he would have to honor the terms of the 2019 Lease and give Lessee a right of first refusal only if *Buyer* decided to sell the Property in the future. These statements are confounding. Lessee is not arguing – and has never argued – that the right of first refusal was a contractual obligation between Buyer and Lessee. That obligation is clearly between the Seller and Lessee.

Additionally, as Lessee correctly explains, Buyer's reference to *Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575 (Ky. 2004), equally misses the mark. In *Presnell*, the Kentucky Supreme Court held "[a]lthough privity is no longer required to maintain a tort action, 'one who is not a party to the contract or in privity thereto may not maintain an action for negligence which consists merely in the breach of the contract.'" *Id.* at 579 (footnotes and citations omitted). This is not a negligence action arising from breach of contract claims – Lessee's claims pertain to the 2019 Lease with Seller. Therefore, the holding in *Presnell* is not persuasive in this Court's analysis of the issues.

Finally, Buyer states that Seller used a general warranty deed, along with an affidavit, correction, and indemnity agreement, to convey the Property. Buyer argues that the agreement stated "there has been no . . . nor are there any unrecorded contracts, leases, easements or other type [of] agreements creating any interest in the property executed by me/us."  Again, Buyer fails to explain the significance of such facts in this dispute or cite to applicable authority.

Lessee was not a party to Seller's affidavit, correction, and indemnity agreement.  The existence of the affidavit does nothing more than show that both Seller and Buyer ignored a lease that they *knew* existed.  Buyer fails to point this Court to any precedent that suggests an affidavit of this nature – between parties other than the one claiming the rights – would somehow impair a lease with a right of first refusal or relieve Buyer of the duty to inquire of the 2019 Lease's terms with Lessee.  *See Gates*, 255 S.W. at 80.  Buyer provides nothing for this Court to review.

## CONCLUSION

Buyer failed to raise any argument that there exists a genuine issue of material fact.  As such, we AFFIRM the order of the Madison Circuit Court granting Lessee's motion for partial summary judgment.


ALL CONCUR.

-11-

BRIEF FOR APPELLANTS:                BRIEF FOR APPELLEE:

Jimmy Dale Williams                  Rodney G. Davis
Randy Martin O'Neal                  Richmond, Kentucky
Richmond, Kentucky